NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 3, 2021

Michael Gottlieb, Esq.
Schwartz Sladkus Reich Greenberg Atlas LLP
444 Madison Avenue
New York, NY 10022
*Attorney for Plaintiff Robert Fischer, M.D.*

E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
*Attorneys for Defendant Cigna Health and Life Insurance Co.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   ***Robert Fischer, M.D. v. Cigna Health and Life Insurance Co.***
      **Civil Action No. 20-16587 (SDW) (AME)**

Counsel:

Before this Court is Cigna Health and Life Insurance Co.'s ("Defendant") Motion to Dismiss Plaintiff Dr. Robert Fischer's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a medical provider specializing in plastic surgery and brings this suit to recover payments for three emergency surgeries he performed at St. Joseph's Wayne Hospital in Wayne, New Jersey. (*See* Compl. ¶¶ 4, 5, 14, 26.) At the time of treatment, each of the three patients (hereafter referred to as Patients 1, 2, and 3 or the "Patients") was the beneficiary of an employer-based health insurance plan for which Defendant served as Claims Administrator. (*Id.* ¶¶ 6, 15, 27.) Each Patient has "assigned his applicable health insurance rights and benefits to Plaintiff." (*Id.* ¶¶ 7, 16, 28.)

Plaintiff treated Patient 1 on October 27, 2017, and thereafter submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant, demanding payment in the amount of $10,565.00. (*Id.* ¶¶ 5, 8.) As an out-of-network provider, Plaintiff does not have a contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members. (*Id.* ¶ 9.) In response to Plaintiff's HCFA, Defendant issued payment in the total amount of $541.78. (*Id.* ¶ 10.) While Defendant's payment for the claim left $10,023.22 unpaid, Defendant represented in its Explanation of Benefits ("EOB") to Patient 1 that he owed $0.00 towards Plaintiff's claim. (*See id.* at Ex. D.)

Plaintiff treated Patient 2 on February 16, 2020, and thereafter submitted HCFA medical bills to Defendant demanding payment in the amount of $7,780.00. (*Id.* ¶¶ 14, 17.) In response to Plaintiff's HCFAs, Defendant issued payment in the total amount of $1,045.05. (*Id.* ¶ 18.) While Defendant's payment left $6,734.95 unpaid, Defendant represented in its EOB that Patient 2 owed $0.00 towards the claim. (*See id.* at Ex. H.)

Plaintiff treated Patient 3 on November 14, 2017, and thereafter submitted an HCFA medical bill to Defendant demanding payment in the amount of $12,565.00. (*Id.* ¶¶ 26, 29.) In response, Defendant allowed reimbursement in the total amount of $1,331.73, all of which was applied towards Patient 3's deductible. (*Id.* ¶ 30.) While Defendant's payment allowance left $11,233.27 of Plaintiff's charges unpaid, Defendant represented in its EOB that Patient 3 owed no more than the $1,331.73 that was applied towards his deductible. (*See id.* at Ex. L.)

Based on Defendant's representations that the $27,991.44 balance of Plaintiff's charges was neither Defendant's nor the Patients' responsibility, Plaintiff filed this suit on November 19, 2020, alleging two counts under the Employee Retirement Income Security Act of 1974 ("ERISA"). (D.E. 1.) Count One alleges Failure to Make Payments Pursuant to Member's Plan under 29 U.S.C. § 1132(a)(1)(B) and Count Two alleges Breach of Fiduciary Duty under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a). (Compl. ¶¶ 39–53.) Defendant subsequently filed the instant motion to dismiss, and briefing was timely completed. (D.E. 8, 16, 19.)

## II.     LEGAL STANDARD

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).

### III.  DISCUSSION

In commencing this lawsuit, Plaintiff based his theory of liability on an inference that the applicable insurance plans included "hold harmless" provisions for out-of-network emergency circumstances, *i.e.*, provisions that required Defendant to pay the full balance of Plaintiff's charges for emergency services. (*See* D.E. 16 at 1, 4 n.1.) Plaintiff's inference was based on Defendant's EOBs, which stated that Patients 1 and 2 owed nothing and that Patient 3 only owed his deductible portion. (*See* Compl. at Exs. D, H, L; D.E. 16 at 1.) However, Defendant attached the applicable insurance plans to its Motion to Dismiss, showing that the plans do not in fact include "hold harmless" provisions. (*See* D.E. 8-3, 8-4, 8-5.) In response, Plaintiff dismissed Count One, which alleged a failure to issue payments pursuant to the Patients' ERISA plans. (*See* D.E. 16 at 4–5.) This Letter Opinion will therefore only analyze Defendant's motion with respect to Count Two.

Count Two of the Complaint alleges that Defendant breached its fiduciary duty under ERISA when it "acted to deny payment for the medical bills at issue herein." (Compl. ¶ 53.) In his opposition brief, in view of the information that Defendant fulfilled its payment obligations, Plaintiff revises his claim to argue that Defendant had an obligation under ERISA to issue adverse benefit determinations to the Patients informing them that they owed money to Plaintiff. (*See* D.E. 16 at 1–2.) As relief, Plaintiff requests "a remand of the applicable claims to Defendant" so that Defendant may issue EOBs that accurately convey the Patients' non-zero cost-share liability. (*Id.* at 2.) This argument for liability that Plaintiff advances in his opposition brief is a departure from the initial premise of Count Two, which was that Defendant owed money to Plaintiff under the Patients' plans. (*See* Compl. ¶¶ 46–53.)[1]

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (brackets and quotation omitted). However, even assuming *arguendo* that Plaintiff included his current theory of liability in the Complaint, his claim must still be dismissed. Plaintiff asserts that he brings this suit on behalf of his Patients, as the assignee of their claims. (*See* Compl. ¶¶ 7, 16, 28.)[2] As Defendant has no independent fiduciary duties under ERISA to Plaintiff or other out-of-network doctors,[3] any claim in this suit must derive from the Patients' rights as ERISA plan beneficiaries—if there was a breach of fiduciary duties, it was a breach of duties owed by

---

[1] As part of Count Two, Plaintiff did allege in his Complaint that Defendant "fail[ed] to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations." (Compl. ¶ 53.) However, Plaintiff did not plead facts in support of this conclusory allegation.

[2] The assignments that Plaintiff attached to the Complaint "authorize [Plaintiff] to retain an attorney of [Plaintiff's] choice on [the Patient's] behalf for collection of [Plaintiff's] bills." (Compl. at Exs. B, F, J.)

[3] ERISA was enacted to protect employees' entitlement to benefits promised to them by their employers and creates a fiduciary relationship between those employees and the entities that administer employee welfare plans. *See Boggs v. Boggs*, 520 U.S. 833, 845 (1997) ("The principal object of the [ERISA] statute is to protect plan participants and beneficiaries."); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983) ("ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.").

Defendant to the Patients. *See Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, Civ. No. 15-8590, 2016 WL 4499551, at *9 (D.N.J. Aug. 25, 2016) ("It is a basic principle of assignment law that an assignee's rights derive from the assignor. That is, 'an assignee of a contract . . . can acquire through the assignment no more and no fewer rights than the assignor had, and cannot recover under the assignment any more than the assignor could recover.'" (emphasis omitted) (quoting *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014))).

Here, if the Patients' EOBs were incorrect, there is no allegation in the Complaint that the Patients were harmed by the error, and the absence of any alleged injury precludes a claim. To the contrary, if this Court granted Plaintiff his requested relief and Defendant reissued the EOBs, only Plaintiff would benefit in his pursuit of additional money from the Patients; the Patients would potentially lose money. This is an inherent conflict between the interests of the assignors and the assignee. Moreover, with Plaintiff conceding that Defendant has met its payment obligations under the Patients' plans, the crux of the remaining lawsuit is Plaintiff's desire to receive more money from his Patients. The appropriate vehicle for such claims is a lawsuit against the Patients, not a lawsuit against their insurance company on behalf of the Patients. Plaintiff's Complaint will therefore be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.